# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32491

————————————

### UNITED STATES
*Appellee*

**v.**

### Wesley J. FAYSON
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 June 2018

————————————

*Military Judge:* Tiffany J. Williams.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, forfeiture of two-thirds pay per month for 3 months, and reduction to E-1. Sentence adjudged 11 August 2017 by SpCM convened at Tinker Air Force Base, Oklahoma.

*For Appellant:* Captain Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, HUYGEN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant submitted his case for review on its merits with no specific assignment of error. Upon our review, we noted the trial counsel argued for, the military judge adjudged, the staff judge advocate recommended, and the convening authority approved forfeiture of *two-thirds pay* per month for three months. Rule for Courts-Martial (R.C.M.) 1003(a)(2) requires that "[u]nless a

total forfeiture is adjudged, a sentence to forfeiture *shall state the exact amount in whole dollars* to be forfeited and the number of months the forfeitures will last" (emphasis added). Thus the forfeiture component of the approved sentence is not stated properly.

However, we need not return this case to the convening authority to remedy the error. Instead, we exercise our authority under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c), to modify the sentence. We do so to ensure the sentence is stated properly, reflects what the military judge and convening authority intended, and does not exceed the authorized maximum. *See United States v. Buford*, ___ M.J. ___, No. ACM 39087, 2017 CCA LEXIS 762, at *7 (A.F. Ct. Crim. App. 2017) ("we may review the actions of military officials to ensure the severity of the monetary components of a sentence are not unlawfully increased"). We conclude the military judge intended to adjudge, and the convening authority intended to approve, the maximum forfeiture of pay per month for three months that could be legally imposed at a special court-martial.[1]

This court is not reticent to engage in public math—at least on this occasion and albeit limited to simple division and rounding. The calculation is straightforward but must also account for the reduction in grade. *See* R.C.M. 1003(a)(2). In calendar year 2017, the monthly basic pay for an E-1 with greater than four months of creditable service, which describes Appellant at the time his sentence was approved, was $1,599.90.[2] Two-thirds of $1,599.90 rounded down to a whole dollar amount is $1,066.00. We, therefore, modify the forfeiture component of the sentence from a forfeiture of two-thirds pay per month for three months to a forfeiture of $1,066.00 pay per month for three months.[3]

The approved findings and sentence as modified are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[1] Article 19, UCMJ, 10 U.S.C. § 819.

[2] *Available at* https://www.dfas.mil/militarymembers/payentitlements/military-pay-charts.html (last visited 8 Jun. 2018).

[3] There is a possibility that an aggregate forfeiture of $1.80 was imposed in excess of what is permitted by the application of R.C.M. 1003(a)(2) to the jurisdictional maximum. Appellant, however, has not to our knowledge claimed he is due "two dollars".

Accordingly, the approved findings and sentence as modified are **AF-FIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court